ACQUEST LAW, INC.
Nareshwar Singh Virdi, Esq. (Cal. Bar. No. 293715)
*California Bar Certified Specialist*
*Immigration & Nationality Law*
3838-Watt Avenue, F-600
Sacramento, CA 95821
Tel: (916) 222-2036 | Fax: (916) 222-2045
Email: nvirdi@acquestlaw.com

Attorneys for Petitioner

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GURMEET GURMEET, an individual,<br>Petitioner,<br>v.<br><br>TODD BLANCHE, in his official capacity as Attorney General; MARKWAYNE MULLIN, in his official capacity as the Secretary of the Department of Homeland Security; TODD LYONS, in his official capacity as Director of U.S. Immigration and Customs Enforcement; THOMAS GILES, in his official capacity as the Los Angeles Field Office Acting Director, U.S. Immigration and Customs Enforcement and Removal Operations; PATRICIA M. COLBERT, in her official capacity as the Warden of the Adelanto ICE Processing Center, Desert View Facility; AND DOES 1 through 50, INCLUSIVE,<br>Defendants. | Case No.:<br><br>PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>IMMIGRATION HABEAS CASE<br>A246 243 190 |

## INTRODUCTION

1. Petitioner Gurmeet Gurmeet ("Gurmeet") is a 29-year-old citizen of India whom the Department of Homeland Security ("DHS") paroled into the United States on December 24, 2022, placed in removal proceedings under 8 U.S.C. § 1229a, and permitted to live in the community for more than three and a half years. He timely applied for asylum, withholding of removal, and protection under the Convention Against Torture; that application remains pending.

He has no criminal history, reported to U.S. Immigration and Customs Enforcement ("ICE") whenever directed, and never missed an appointment.

2. On September 8, 2026, Petitioner appeared for a scheduled ICE check-in in Los Angeles. Instead of confirming his continued compliance, ICE handcuffed him, transported him to the Adelanto ICE Processing Center, and now holds him without any hearing on the theory that he is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The Ninth Circuit has rejected that theory in a published, binding opinion. Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026). Section 1225(b)(2)(A) reaches noncitizens "seeking admission" at the border, not people who have lived in the interior for years; detention of a noncitizen in pending § 1229a proceedings is governed by 8 U.S.C. § 1226(a), under which DHS made its individualized custody determination in December 2022 when it released him. And because Respondents stripped Petitioner of his liberty without notice, a hearing, or any changed circumstance, his re-detention independently violates the Due Process Clause of the Fifth Amendment.

3. Petitioner asks this Court to issue the writ and order his immediate release under the conditions that governed his liberty for the preceding three and a half years. A bond hearing before an immigration judge is not an adequate substitute. The immigration courts are bound by Board precedent to disclaim jurisdiction over his custody; the injury is the re-detention itself; and a hearing would reward Respondents for the violation by requiring Petitioner to re-earn, from inside a jail, a liberty DHS already granted and never had cause to revoke.

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), Article I, Section 9, Clause 2 of the United States Constitution (the Suspension Clause), and the Fifth Amendment. The Court may grant

declaratory and injunctive relief under 28 U.S.C. §§ 2201–2202 and the All-Writs Act, 28 U.S.C. § 1651. Petitioner is "in custody" within the meaning of 28 U.S.C. § 2241(c)(1) and (c)(3) because he is physically detained by Respondents at the Adelanto ICE Processing Center.

5. No statute strips this Court of jurisdiction. Petitioner does not challenge a removal order or the commencement or adjudication of removal proceedings; he challenges the legality of his detention. *Jennings v. Rodriguez*, 583 U.S. 281, 293–95 (2018) (8 U.S.C. § 1252(b)(9) does not bar challenges to detention); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001) (§ 2241 habeas jurisdiction extends to challenges to immigration detention). Section 1226(e) bars review only of discretionary judgments, not of the statutory and constitutional framework governing detention. *Demore v. Kim*, 538 U.S. 510, 516–17 (2003).

6. Venue is proper in the Central District of California under 28 U.S.C. § 2241(a) and *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004), because Petitioner is confined at the Adelanto ICE Processing Center in Adelanto, San Bernardino County, within this District, and his immediate custodian is located here. Assignment to the Eastern Division is proper under General Order 26-11 because Petitioner is confined in San Bernardino County.

7. Petitioner need not exhaust administrative remedies. Exhaustion under § 2241 is prudential, not jurisdictional, and is excused where pursuit of agency remedies would be futile. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017); *Laing v. Ashcroft*, 370 F.3d 994, 997–1000 (9th Cir. 2004). The Board of Immigration Appeals has held that immigration judges lack jurisdiction to consider bond for noncitizens in Petitioner's position, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025); *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), and continues to apply that rule, *Matter of N-A-G-C-*, 29 I&N Dec. 662 (BIA 2026). Where "the agency's position appears already set," exhaustion is not required. *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021). Nor could an immigration judge adjudicate Petitioner's constitutional

claim that his re-detention without process was itself unlawful.

## PARTIES

8. Petitioner Gurmeet Gurmeet (A246 243 190) is a native and citizen of India, born April 1, 1997, in Karnal District, Haryana. He is detained at the Adelanto ICE Processing Center, 10400 Rancho Road, Adelanto, California 92301.

9. Respondent Patricia M. Colbert is the Warden of the Adelanto ICE Processing Center, which is operated by The GEO Group, Inc. under contract with ICE. She is Petitioner's immediate physical custodian and is sued in her official capacity.

10. Respondent Thomas Giles is the Field Office Director of the ICE Enforcement and Removal Operations Los Angeles Field Office, which has jurisdiction over the Adelanto ICE Processing Center and over the custody decisions at issue. He is a legal custodian of Petitioner and is sued in his official capacity.

11. Respondent Todd Lyons is the Director of ICE, the component of DHS responsible for the detention and removal of noncitizens. He is a legal custodian of Petitioner and is sued in his official capacity.

12. Respondent Markwayne Mullin is the Secretary of Homeland Security and is charged with administering and enforcing the Immigration and Nationality Act ("INA"). 8 U.S.C. § 1103(a). He is a legal custodian of Petitioner and is sued in his official capacity.

13. Respondent Todd Blanche is the Attorney General of the United States and oversees the Executive Office for Immigration Review, including the immigration courts and the Board of Immigration Appeals. He is sued in his official capacity.

## STATEMENT OF FACTS

14. Petitioner is a farmer from the village of Popran in Karnal District, Haryana, India, and a worker and member of the Indian National Lok Dal ("INLD") political party. After he

refused demands by members of the ruling Bharatiya Janata Party to abandon the INLD, he was threatened and physically attacked. He fled India in December 2022 to save his life.

15. On December 23, 2022, U.S. Border Patrol apprehended Petitioner near Lukeville, Arizona. DHS did not place him in expedited removal. On December 24, 2022, DHS released him from custody on parole under 8 U.S.C. § 1182(d)(5)(A), issued him a Form I-94 Arrival/Departure Record, and served him with Form G-56 directing him to report to the ICE office nearest his destination within sixty days for "continued processing and consideration for enrollment in" alternatives to detention. DHS's booking record, Form I-385, records his disposition as "PAROLED." (Ex. A.)

16. DHS thereafter served Petitioner with a Notice to Appear and placed him in removal proceedings under 8 U.S.C. § 1229a before the immigration court. Petitioner reported to ICE as directed and has complied with every reporting obligation since.

17. Within one year of his arrival, Petitioner filed Form I-589, Application for Asylum and for Withholding of Removal, seeking asylum, withholding of removal, and protection under the Convention Against Torture on account of his political opinion. (Ex. B.) The application remains pending before the immigration court.

18. Petitioner has lived at 102 East 84th Place, Los Angeles, California, has supported himself through delivery and trucking work, and has never been arrested for or charged with any crime in the United States or anywhere else. He is single and has no children.

19. Amit Panwar, a lawful permanent resident of the United States, has known Petitioner for approximately three and a half years, vouches for his character, and has committed in writing to provide Petitioner with housing at his home in Rancho Cucamonga, California, financial support, employment as a truck driver, and transportation to every immigration court hearing and ICE appointment upon his release. (Exs. C, D.)

20. On September 8, 2026, Petitioner appeared as scheduled at the ICE Los Angeles Field Office for a routine check-in. ICE officers took him into custody, handcuffed him, and transported him to the Adelanto ICE Processing Center, where he remains.

21. Respondents did not identify any changed circumstance, any violation of the conditions of Petitioner's release, or any evidence that he is a danger to the community or a flight risk. Respondents have not served Petitioner with a Form I-286 Notice of Custody Determination explaining the basis for his detention, nor with written notice of the termination of his parole or the reasons for it as 8 C.F.R. § 212.5(e)(2)(i) requires. If Respondents contend that Petitioner's parole instead expired by its own terms, that expiration occurred years ago; DHS did not re-detain him then, and instead continued to supervise him in the community under the same conditions of release.

22. On information and belief, Respondents contend that Petitioner is an "applicant for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), pursuant to ICE's July 8, 2025 policy directive and the Board of Immigration Appeals' decisions in *Matter of Q. Li* and *Matter of Yajure Hurtado*, and that no immigration judge has jurisdiction to set bond. Petitioner has not been afforded any hearing before a neutral decisionmaker regarding his custody.

23. Petitioner's detention has severed him from his home, his work, and his community, and has impaired his ability to gather evidence and prepare for the merits of his asylum claim. He has lost income, been separated from his sponsor and support network, and faces mounting prejudice to his pending asylum proceedings with each passing day.

## LEGAL FRAMEWORK

24. The INA creates distinct detention regimes. Section 1225(b) governs "applicants for admission" who are "seeking admission" at the Nation's borders and ports of entry: §

1225(b)(1) authorizes expedited removal and mandatory detention of certain arriving noncitizens, and § 1225(b)(2)(A) provides that an applicant for admission "seeking admission" who is "not clearly and beyond a doubt entitled to be admitted" "shall be detained" for a § 1229a proceeding. *Jennings*, 583 U.S. at 287, 297 ("§ 1225(b) applies primarily to aliens seeking entry into the United States").

25. Section 1226(a), by contrast, is the "default rule" for noncitizens "already in the country" who are placed in § 1229a removal proceedings: the Attorney General "may" arrest and detain such a person on a warrant and "may" release him on bond or conditional parole. *Jennings*, 583 U.S. at 289, 303; 8 U.S.C. § 1226(a)(1)-(2). Only noncitizens with specified criminal histories are subject to mandatory detention under § 1226(c). A noncitizen detained under § 1226(a) is entitled to an individualized custody determination and to a bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19, 1236.1(d).

26. For decades DHS applied § 1226(a) to noncitizens apprehended in the interior, including those who had entered without inspection or been paroled at the border. In July 2025, ICE reversed course and directed that all noncitizens who had not been admitted be treated as subject to § 1225(b)(2)(A) mandatory detention, regardless of how long they had lived in the United States. The Board adopted that position in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), and held in *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025), that a noncitizen paroled at the border whose parole is later terminated is likewise ineligible for bond.

27. The Ninth Circuit has now rejected the government's interpretation in a published opinion binding on this Court. Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir. July 30, 2026), aff'g 779 F. Supp. 3d 1239 (W.D. Wash. 2025). The court held that being "deemed" an "applicant for admission" under § 1225(a)(1) does not place a noncitizen in a perpetual state of "seeking admission"; that § 1225(b)(2)(A) applies to noncitizens seeking entry at the border; and

that noncitizens apprehended in the interior and placed in § 1229a proceedings are detained under § 1226(a) and are eligible for bond. Three other circuits have reached the same conclusion. See Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026); Hernandez Alvarez v. Warden, FDC Miami, 175 F.4th 1258 (11th Cir. 2026); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026). This Court, too, has declared that noncitizens in § 1229a proceedings who were not apprehended upon arrival are detained under § 1226(a), and that judgment remains in force within this District. Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025), stayed in part pending appeal, Nos. 25-7958, 26-1044 (9th Cir. Mar. 31, 2026).

28. Petitioner's prior parole does not alter the analysis. Parole under § 1182(d)(5)(A) "speaks only to whether [a noncitizen] has been admitted, not whether he was seeking admission." *Sarmiento Guerrero v. Noem*, 815 F. Supp. 3d 181, 188–89 (E.D.N.Y. 2025). Courts within this Circuit and elsewhere have accordingly held that former border parolees living in the interior are detained under § 1226(a). *Yordi C.C. v. Warden, Cal. City Corr. Ctr.*, No. 2:26-cv-00650-TLN-CSK (E.D. Cal. Mar. 12, 2026) (Border Patrol parolee re-detained after three years; § 1226(a) governs; immediate release ordered); *Rui Li v. Albarran*, No. 1:26-cv-00011 (D. N. Mar. I. June 12, 2026); *Moya v. Blanche*, No. 2:26-cv-00675-APG-DJA, 2026 WL 1481604, at *6 (D. Nev. May 27, 2026);* Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274 (E.D.N.Y. 2025);* O.F.B. v. Maldonado*, 810 F. Supp. 3d 394 (E.D.N.Y. 2025). The Board's contrary reading in* Matter of Q. Li *is entitled to no deference,* Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 412–13 (2024), and cannot be reconciled with* Rodriguez Vazquez. Nor does it matter whether Petitioner's parole ended by written notice or expired by its own terms. Either way, 8 C.F.R. § 212.5(e) provides that the parolee is

"restored to the status that he or she had at the time of parole" and that any further proceedings are conducted "under section 235 or 240 of the Act." Petitioner's status at the time of parole was that of a noncitizen present without admission, and DHS elected to proceed under section 240. That is the status *Rodriguez Vazquez* holds is governed by § 1226(a) once removal proceedings are pending. The end of parole does not carry a person who has lived in the interior for years back to the border; it confirms that the interior provisions of the INA govern him. *Rodriguez-Acurio*, 811 F. Supp. 3d 274 (parole expired by its terms in 2022; § 1226(a) governed 2025 re-detention).

29. The Due Process Clause independently constrains Respondents. "Freedom from imprisonment – from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the] Clause protects." *Zadvydas*, 533 U.S. at 690. Civil immigration detention is permissible only when it bears a reasonable relation to its legitimate purposes of preventing flight and protecting the community, *id.*; *Demore*, 538 U.S. at 527–28, and only when accompanied by adequate procedural protections, *Hernandez*, 872 F.3d at 990-91. A person who has been released from custody and has lived at liberty for years holds a protected liberty interest that the government may not revoke without notice and a hearing. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). DHS's own precedent recognizes that a released noncitizen may not be re-detained absent a material change in circumstances. *Matter of Sugay*, 17 I&N Dec. 637, 640 (BIA 1981); *see Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia v. Barr*, 905 F.3d 1137 (9th Cir. 2018).

## CLAIMS FOR RELIEF

### COUNT ONE
*Detention in Violation of 8 U.S.C. § 1226(a)*

30. Petitioner incorporates the foregoing paragraphs.

31. Petitioner is a noncitizen present in the United States in pending removal proceedings under 8 U.S.C. § 1229a. He is not "seeking admission" within the meaning of 8 U.S.C. § 1225(b)(2)(A), is not subject to 8 U.S.C. § 1225(b)(1), § 1226(c), or § 1231, and therefore may be detained, if at all, only under 8 U.S.C. § 1226(a). *Rodriguez Vazquez*, No. 25-6842.

32. Respondents' detention of Petitioner as a mandatory detainee under § 1225(b)(2)(A), and their disregard of the individualized custody determination DHS made under § 1226(a) in December 2022 when it released him, violate the INA.

COUNT TWO
*Procedural Due Process – Fifth Amendment*

33. Petitioner incorporates the foregoing paragraphs.

34. After more than three and a half years at liberty in full compliance with the conditions of his release, Petitioner possesses a constitutionally protected liberty interest in remaining free from detention absent a material change in circumstances. Respondents re-detained him without notice, without a hearing before a neutral decisionmaker, without any finding of dangerousness or flight risk, and without written notice of the basis for their action, in violation of the Due Process Clause. *Morrissey*, 408 U.S. at 482; *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976); *Yordi C.C.*, No. 2:26-cv-00650.

35. Respondents' continued detention of Petitioner without any process at which the government must justify it by clear and convincing evidence, *Singh v. Holder*, 638 F.3d 1196, 1203–04 (9th Cir. 2011), is a further and ongoing violation of procedural due process. That violation cannot be cured by a hearing before an immigration judge who is bound by *Matter of Yajure Hurtado* and *Matter of Q. Li* to disclaim jurisdiction. The only effective remedy is release.

///

COUNT THREE

*Substantive Due Process – Fifth Amendment*

36. Petitioner incorporates the foregoing paragraphs.

37. Petitioner's detention bears no reasonable relation to any legitimate purpose of civil immigration detention. Respondents themselves determined in December 2022 that he could safely be released; he has no criminal history; and he has appeared for every obligation imposed on him. Detaining him now, on the basis of a statutory theory the Ninth Circuit has rejected, is arbitrary and punitive and violates the substantive component of the Due Process Clause. *Zadvydas*, 533 U.S. at 690; *Jackson v. Indiana*, 406 U.S. 715, 738 (1972).

COUNT FOUR

*Administrative Procedure Act, 5 U.S.C. § 706(2)*

38. Petitioner incorporates the foregoing paragraphs.

39. Respondents' application to Petitioner of ICE's July 8, 2025 policy directing mandatory detention under § 1225(b)(2)(A) of noncitizens who were not admitted, and their failure to follow 8 C.F.R. §§ 212.5(e), 236.1, and 1236.1, constitute final agency action that is arbitrary, capricious, an abuse of discretion, not in accordance with law, and in excess of statutory authority. 5 U.S.C. § 706(2)(A), (C). This Court has vacated the July 8, 2025 policy as arbitrary and capricious, Maldonado Bautista, 2025 WL 3678485, and although that judgment is stayed in part pending appeal, the stay does not restore the policy's lawfulness or authorize its application to Petitioner in this proceeding.

PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

40. Assume jurisdiction over this matter;

41. Order Respondents to show cause within three days why the writ should not be granted, 28 U.S.C. § 2243, and set this matter for prompt hearing;

42. Declare that Petitioner is not subject to detention under 8 U.S.C. § 1225(b)(2)(A), that his detention is governed by 8 U.S.C. § 1226(a), and that his re-detention without notice and a hearing violated the Fifth Amendment;

43. Issue a writ of habeas corpus ordering Respondents to release Petitioner immediately under the conditions of his prior release;

44. Enjoin Respondents from transferring Petitioner outside the Central District of California while this action is pending, and from re-detaining him following release without prior notice and an opportunity to be heard before a neutral decisionmaker;

45. Award Petitioner reasonable attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412; and

46. Grant such further relief as the Court deems just and proper.

Dated: September 16, 2026

ACQUEST LAW
*/s/ Nareshwar Singh Virdi*
Nareshwar S. Virdi
Attorneys for the Petitioner

# VERIFICATION

I am the attorney for Petitioner Gurmeet Gurmeet. Petitioner is detained at the Adelanto ICE Processing Center and, because of the exigency of this matter and the limits on attorney access at that facility, was unable to verify this Petition personally before filing. L.R. 83-16.2.

I have prepared this Petition on the basis of documents produced by DHS, Petitioner's immigration file, my communications with Petitioner and with Amit Panwar, and my own investigation. The facts alleged are true to the best of my knowledge; those alleged on information and belief are so identified, and the sources of that information and belief are the DHS records attached as Exhibit A, Petitioner's Form I-589 attached as Exhibit B, and my conversations with Petitioner and Mr. Panwar. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 16, 2026

*/s/ Nareshwar Singh Virdi*
Nareshwar S. Virdi

## EXHIBIT LIST

Exhibit A: DHS parole and release records (Form I-385 Alien Booking Record; Form I-831 Continuation Page; Form I-94; ICE Form G-56)

Exhibit B: Form I-589, Application for Asylum and for Withholding of Removal

Exhibit C: Declaration of Amit Panwar

Exhibit D: Letter of Support from Amit Panwar, with copy of Permanent Resident Card

Exhibit E: Petitioner's identification documents